```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
PEARSON EDUCATION, INC.,             :
JOHN WILEY & SONS, INC.
CENGAGE LEARNING, INC. AND           :
THE MCGRAW-HILL COMPANIES, INC.,
                                     :
                    Plaintiffs,
                                     :
        -against-                            12 Civ.
                                     :
JARED AMIR A/K/A AMR JARRAD AND
JOHN DOE NOS. 1-5,                   :
                    Defendants.
                                     :
- - - - - - - - - - - - - - - - - -x
```



12 CV 7914

RECEIVED OCT 24 2012

### COMPLAINT AND JURY DEMAND

Plaintiffs Pearson Education, Inc. ("Pearson"), John Wiley & Sons, Inc. ("Wiley"), Cengage Learning, Inc. ("Cengage") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned attorneys, for their complaint against defendants Jared Amir a/k/a Amr Jarrad and John Doe Nos. 1-5, aver:

### Nature of the Action

1. Plaintiffs publish college textbooks and corresponding instructors' solutions manuals. Plaintiffs are bringing this action to obtain legal and equitable relief to remedy defendants' infringement of plaintiffs' copyrights through their sales of unauthorized copies of plaintiffs' instructors' solutions manuals.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 <u>et seq.</u>

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## Parties

4. Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5. Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6. Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

7. McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

8. Upon information and belief, defendant Jared Amir a/k/a Amr Jarrad is a natural person currently residing outside the United States whose precise location is currently unknown to plaintiffs.

9. Upon information and belief, defendants John Doe Nos. 1-5 are natural persons whose identities are presently unknown to plaintiffs.

### The Businesses of Plaintiffs

10. Each plaintiff publishes a variety of works, including educational books.

11. As a standard practice, each plaintiff requires its authors to assign the copyrights to it or grant it the exclusive rights of reproduction and distribution in the United States. This practice enables each plaintiff to maximize the dissemination of each work.

12. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, copyright enforcement and promotion.

13. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not

enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

14. An important part of plaintiffs' business is derived from publishing college textbooks. College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

15. Instructors' solutions manuals are important supplementary materials. Professors use instructors' solutions manuals to aid in grading homework. Students, however, use instructors' solutions manuals to cheat. Professors are less likely to select a textbook if the instructors' solutions manuals are freely and/or widely available. Accordingly, plaintiffs do not sell their instructors' solutions manuals, and tightly control their distribution to known faculty.

## Plaintiffs' Copyrights

16. Plaintiffs routinely register their copyrights. Pearson has generally registered its copyrights in its works, including the works on Schedule A (the "Pearson Copyrights").

17. Wiley has generally registered its copyrights in its works, including the work on Schedule B (the "Wiley Copyright").

18. Cengage has generally registered its copyrights in

4

its works, including the works on Schedule C (the "Cengage Copyrights").

19. McGraw-Hill has generally registered its copyrights in its works, including the works on Schedule D (the "McGraw-Hill Copyrights").

### The Infringing Acts of Defendants

20. Defendants have, without permission, reproduced and sold copies of plaintiffs' works. Specifically, the defendants have reproduced, contracted to sell, and sold copies of plaintiffs' instructors' solutions manuals, including into the Southern District of New York, through online sales at websites and forums, including but not limited to, testbanksolutionmanualcafe.com, using the usernames including, but not limited to, "TBandSM Sales Team."

### CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

21. Plaintiffs repeat the averments contained in paragraphs 1 through 20 as if set forth in full.

22. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

23. Wiley has received a United States Certificate of Copyright Registration for the Wiley Copyright.

24. Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

25. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

26. The Pearson, Wiley, Cengage and McGraw-Hill Copyrights are valid and enforceable.

27. Defendants have infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

28. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

29. Defendants have willfully infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

30. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively at plaintiffs' election, (3) statutory damages.

WHEREFORE, plaintiffs demand judgment:

A.  Preliminarily and permanently enjoining the defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.  Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights;

C.  Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505; and

D.  Granting such other and further relief as to this Court seems just and proper.

## Jury Trial Demand

PLEASE TAKE NOTICE that pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiffs hereby demand a trial by jury of all issues that are so triable.

<div style="display:flex">
<div>
Dated: New York, New York<br>
       October 24, 2012
</div>
<div>
DUNNEGAN & SCILEPPI LLC<br><br>
By _[signature]_<br>
  Laura Scileppi (LS0114)<br>
  ls@dunnegan.com<br>
  Samantha Morrissey (SM1210)<br>
  sm@dunnegan.com<br>
Attorneys for Plaintiffs<br>
  Pearson Education, Inc.,<br>
  John Wiley & Sons, Inc.,<br>
  Cengage Learning, Inc. and<br>
  The McGraw-Hill Companies, Inc.<br>
350 Fifth Avenue<br>
New York, New York 10118<br>
(212) 332-8300
</div>
</div>

Schedule A
"Pearson Copyrights"

Title, Author (Edition) (Registration Date) (Registration Number)

1. Business Data Networks and Telecommunications, Panko (8th Edition) (October 18, 2010) (TX0007284577)
2. Introduction to Management Accounting, Horngren (15th Edition) (May 24, 2010) (TX0007188121)

Schedule B
"Wiley Copyrights"

<u>Title, Author (Edition) (Registration Date) (Registration Number)</u>

1. Accounting Principles, Jerry Weygandt (10th Edition) (August 29, 2011) (TX0007420810)

Schedule C
"Cengage Copyrights"

Title, Author (Edition) (Registration Date) (Registration Number)

1. Managerial Economics Applications Strategy and Tactics, McGuigan (12th Edition) (January 4, 2011) (TX0007287088)
2. Successful Project Management, Gido (5th Edition) (August 12, 2011) (TX0007409219)

Schedule D
"McGraw-Hill Copyrights"

Title, Author (Edition) (Registration Date) (Registration Number)

1. Managerial Accounting for Managers, Noreen (2nd Edition) (July 27, 2010) (TX0007230168)